*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NOS. 2015-220 & 2015-413

MARCH TERM, 2016

| | | |
|---|---|---|
| In re Guardianship of A.S. | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| | } | Civil Division |
| | } | |
| | } | DOCKET NOS. 69-2-15 Rdcv & |
| | | 330-6-15 Rdcv |

Trial Judge: Thomas A. Zonay

In the above-entitled causes, the Clerk will enter:

Guardian David Searles appeals pro se from two trial court decisions that found he failed to show the existence of an actual controversy. We affirm.

This dispute started when this Court reversed a decision of the Rutland Probate Division sealing certain records of a mental health evaluation of the ward in this guardianship case. After the remand, the guardian moved to disqualify the Rutland Probate Judge from further involvement in the guardianship case, essentially on the basis of rendering the decision that was reversed. Pursuant to V.R.P.P. 40, the motion was referred to another probate judge who ruled in 2013 that the Rutland Probate Judge decision, even though it was reversed by the Supreme Court, was not grounds for disqualification. When guardian appealed the decision to the Rutland Superior Court, Civil Division, the Rutland Probate Judge recused himself from further involvement in the case, hoping to end the controversy. However, a year later, guardian twice moved for a declaratory judgment from the probate court that the Rutland Probate Judge should have been disqualified because of his ruling.

The probate division denied the motions, explaining that there was no present issue of recusal before it, and that it had no authority to render an advisory opinion. Guardian appealed to the civil division. He argued that the 2013 disqualification decision contained erroneous conclusions of law, and unless these conclusions were stricken, the ward would not be protected from judicial negligence. The court reiterated that there was no pending request for disqualification at the time guardian filed his motions. It concluded that guardian was essentially seeking a declaratory judgment regarding judicial disqualification standards to prospectively guide judges in the discharge of their judicial duties in guardianship matters. Because there was no actual controversy, the court affirmed the probate division's ruling. These consolidated appeals followed.

On appeal, guardian challenges the merits of the court's 2013 disqualification decision. He asserts that the decision contains a conclusion of law that states an existing court policy that judges will not be disqualified for any judicial negligence that negatively affects the ward's

interests. Guardian maintains that he should not have to wait until a judge is actually negligent to bring his challenge.

We find no basis to disturb the rulings below. As the trial court explained, "[t]he Vermont Constitution confers judicial authority only to determine actual controversies . . . and issuing an advisory opinion . . . would exceed our constitutional mandate." In re S.N., 2007 VT 47, ¶ 9, 181 Vt. 641 (mem.) (internal quotation marks omitted); see also In re 232511 Invs. Ltd., 2006 VT 27, ¶ 19, 179 Vt. 409 (2006) ("We must have an actual case or controversy before us to render a decision."). It is evident that no actual controversy exists here. There is no pending disqualification motion, and "[c]ourts are not permitted to dispose of the merely hypothetical." Cupola Golf Course, Inc. v. Dooley, 2006 VT 25, ¶ 14, 179 Vt. 427. Moreover, the Rutland Probate Judge, whose disqualification was sought, long ago recused himself from further involvement in this guardianship case. Guardian seeks nothing but an advisory opinion, which we lack the authority to render.

Affiirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice